FILED
2009 Apr-03 PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM JACKSON, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>LOCAL UNION NO. 2122 OF UNITED )<br>STEEL, PAPER AND FORESTRY, RUBBER, )<br>MANUFACTURING, ENERGY, ALLIED INDUSTRIAL )<br>AND SERVICE WORKERS INTERNATIONAL UNION, )<br>AFL-CIO-CLC; DANNY PERRY, in his official and individual )<br>capacity; ROBERT ERWIN, in his official and individual )<br>capacity; WALTER EVANS, in his official and individual )<br>capacity, )<br>)<br>   Defendants. ) | Case Number:<br>2:07-cv-461-JEO |

## MEMORANDUM OPINION & ORDER

This cause comes to be heard on two motions in limine filed by the defendants. Specifically, one motion in limine seeks for the plaintiff to be precluded from using testimony of four witnesses who allegedly were not timely disclosed: Clarence Pope, Fred Gibson Jr., Richard Leach, and Raymond McGowin. (Doc.[1] 45, hereinafter "Pope/Gibson Mot. in Limine" ).  The other motion in limine seeks to preclude the plaintiff from offering expert medical testimony from Dr. Sandra Grooms. (Doc. 47, hereinafter "Grooms Mot. in Limine").  The defendants have filed supporting briefs. (Docs. 46 & 48).  The plaintiff has filed a response in opposition (Doc. 60, hereinafter "Pl. Opp."), and the defendants filed a reply (Doc. 65, hereinafter "Dfts. Reply"), in which they withdrew their objection to the use of testimony from Leach and McGowin but maintained their objections to the other witnesses.  Upon consideration, the court

---

[1] References to "Doc(s).___" are to the documents as numbered by the clerk of court in the court's record of the case.

concludes that the defendants' first motion in limine, doc. 45, is due to be denied as it relates to Leach, McGowin and Pope and granted as it relates to Gibson, and that the second motion in limine, relating to Dr. Grooms, doc. 47, is generally due to be denied except as noted below.

## I.     BACKGROUND

On June 22, 2007, this court entered a scheduling order pursuant to Rule 16(b), FED. R. CIV. P. (Doc. 18).  That order provided, among other things, that initial disclosures under Rule 26(a) were to be exchanged by July 13, 2007; that disclosures of expert witnesses – including a reports under Rule 26(a)(2)(B) from any specially retained or employed expert – were due from the plaintiff by January 31, 2008; that supplementation of prior disclosures and discovery under Rule 26(e) was due by February 28, 2008; and that all discovery must be commenced in time to be completed by March 31, 2008.  (*Id*.)  On March 25, 2008, the court noted in a minute entry on the record that, upon motion, the deadlines for completing discovery were extended by 45 days.  (Unnumbered doc. following doc. 24).  On May 7, 2008, following a hearing on various discovery motions, the court entered an order extending the discovery deadline until June 13, 2008.  (Doc. 32).

On June 4, 2008, the defendants filed a motion to compel the plaintiff's response to defendants' "second" interrogatories and "third" requests for production, which had included an interrogatory number 1 (hereinafter "Int. No. 1") that asked the plaintiff to "[i]dentify by name, address, and telephone number, each and every person whom you may call as a witness at the trial of this matter and describe the nature of each individual's anticipated testimony."  On June 9, 2008, the court granted the defendants' motion to compel, ordering the plaintiff to respond by June 13, 2008.  On June 11, 2008, the plaintiff responded to the defendants' interrogatories and

requests for production. According to the defendants, the plaintiff responded to Int. No. 1 by stating that he had already listed all of his witnesses in his initial disclosures. The following day, June 12, 2008, which was also the day before the expiration of the discovery deadline, the plaintiff served a disclosure that included a number of additional witnesses, including Messrs. Pope and Gibson, and Dr. Grooms, that had not previously appeared on the plaintiff's initial disclosures, prior responses to interrogatories, or any supplementation thereto. With regard to Dr. Grooms, the plaintiff advised that she had treated the plaintiff for mental anguish and emotional distress in connection with this case and would be testifying on that subject.

      The defendants now argue in their pending motions that Pope, Gibson, and Grooms are each due to be precluded from testifying. The defendants contend that the plaintiff's disclosure of these new witnesses only one day before the end of discovery came too late and without explanation and did not afford the defendants a reasonable opportunity to depose them. The defendants say that it would thus be unfairly prejudicial to allow these witnesses to testify at trial The defendants also seem to further contend that Grooms should be precluded from testifying on the theory that she may have furnished Jackson with treatment in anticipation of litigation and, therefore, she was required to furnish an expert report pursuant to Rule 26(a)(2)(B).

      The plaintiff responds by arguing that under Rule 26(a)(3), he was entitled to disclose new witnesses or exhibits even in pretrial disclosures, up to 30 days before trial, notwithstanding that such pretrial disclosures would have occurred after the discovery process was over. The plaintiff also says that Dr. Grooms' identity and role in the case was revealed to the defendants during the deposition of the plaintiff on February 7, 2008, and that Pope's name was similarly raised during the deposition of Sylvia White. The plaintiff finally maintains that Pope's

3

testimony will be used solely for impeachment and that he therefore did not have to be disclosed.

## II.   ANALYSIS

### A.   Initial Disclosures under Rule 26(a)(1)(A), FED. R. CIV. P.

A party generally "must, without awaiting a discovery request, provide to other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(a)(1)(A), FED. R. CIV. P. "A party who has made a disclosure under Rule 26(a) . . . or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Rule 26(e)(1), FED. R. CIV. P. Under Rule 37(c)(1), FED. R. CIV. P., a party "that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), overruled on other grounds, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006).

The plaintiff does not dispute the defendants' assertion that neither Pope, Gibson, nor Grooms was disclosed in initial disclosures, nor in a supplement thereto under Rule 26(e). The plaintiff first contends that such failure is irrelevant, on the theory that he was entitled to disclose entirely new witnesses or documentary evidence in connection with pretrial disclosures under

Rule 26(a)(3)(A), which provides, in relevant part:

> [A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
>> (i) the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises.

Rule 26(a)(3)(A)(i), FED. R. CIV. P. The plaintiff argues that such disclosures are not generally required until thirty days before trial, so his disclosure of new witnesses was permissible under Rule 26. In support, the plaintiff cites *R.M.R. ex rel P.A.L. v. Muscogee County Sch. Dist.*, 165 F.3d 812 (11th Cir. 1999). The plaintiff asserts that this case stands for the propositions that a new witness can even be disclosed for the first time during trial, and that "[w]here a witness has been disclosed prior to the start of trial, he generally is allowed to testify" and that if disclosed prior to the end of discovery, "he must be allowed to testify." (Pl. Opp. at ¶ 2).

In essence, the plaintiff conceives of Rule 26(a)(3) as presenting a final opportunity to disclose any witnesses or evidence a party sees fit, even if such was not otherwise disclosed at any time during the course of discovery. However, that is not how Rule 23(a)(3) pretrial disclosures work; if it was, court imposed discovery deadlines and procedures would be all but nullified, because parties could wait until the last minute to introduce entirely new and previously undisclosed witnesses and evidence in a case without affording his adversary a meaningful opportunity to conduct discovery relative thereto. "Modern instruments of discovery . . . together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). The plaintiff cannot avoid otherwise existing

5

discovery obligations to identify the names of witnesses in initial disclosures or in a Rule 26(e) supplement thereto served "in a timely manner" simply by stating that he might later reveal them for the first time in a pretrial disclosure under Rule 26(a)(3). *See Payless Shoesource Worldwide, Inc. v. Target Corp.*, 237 F.R.D. 666, 679 (D. Kan. 2006) ("Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which . . . usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial."). Nor does *Muscogee County* suggest otherwise. Rather, the Eleventh Circuit there simply held that a district court acted within its discretion to preclude a witness from testifying who was not listed on a pretrial order, even if the party offering the witness may have had a good excuse for failing to discovery his identity until trial. *See* 165 F.3d at 818.

The plaintiff also argues, however, that both Grooms and Pope were mentioned during the course of discovery. As the Advisory Committee Notes to Rule 26(e) state, there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties . . . during the discovery process, [such] as when a witness not previously disclosed is identified during the taking of a deposition." Advisory Committee Notes to 1993 Amendment to FED. R. CIV. P. 26(e). *See Wajcman v. Investment Corp. of Palm Beach*, 2009 WL 465071, 5 (S.D. Fla. Feb. 23, 2009). The plaintiff says that Grooms's name was raised during the plaintiff's own deposition on February 7, 2008, as the therapist that had treating him for stress, depression, anxiety, and mental anguish, and that Pope's name was likewise raised during the deposition of Sylvia White. In their reply, the defendants do not dispute these factual assertions, nor do they make any associated legal argument. Accordingly, the court concludes

that the plaintiff's failure to disclose Grooms or Pope in initial disclosures or in a supplement does not require either witness to be excluded under Rule 37(c).

The plaintiff's failure to disclose Gibson, by contrast, is a different matter. The court imposed a deadline for supplementing initial disclosures, and Gibson was not disclosed until the after that time expired and only the day before the discovery deadline. The plaintiff has not offered any explanation, excuse, or justification for failing to disclose Gibson until that time, nor does the plaintiff suggest that the failure is harmless. Accordingly, the court concludes that Gibson is due to be precluded from testifying under Rule 37(c), FED. R. CIV. P.

> **B.     Expert Report Requirement Rule 26(a)(2)(B) as to Dr. Grooms**

The defendants also argue that Dr. Grooms should be excluded from testifying on the alternate ground that the plaintiff did not provide an expert report for her, pursuant to Rule 26(a)(2)(B), FED. R. CIV. P. However, a treating doctor is generally not required to provide an expert report under the rule. *See* FED. R. CIV. P. 26(a)(2)(B) and 1993 Advisory Committee Notes ("A treating physician . . . can . . . testify at trial without any requirement for a written report"); *Hendrix v. Evenflo Co.*, 255 F.R.D. 568, 604-05 (N.D. Fla. 2009); *Vaughn v. United States*, 542 F. Supp. 2d 1331, 1336-37 (S.D. Ga. 2008); *Leathers v. Pfizer, Inc.*, 233 F. Supp. 2d 687, 696-97 (N.D. Ga. 2006); *Brown v. Best Foods, A Division of CPC Intern., Inc.*, 169 F.R.D. 385, 387 (N.D. Ala. 1996); *see also Prieto v. Malgor*, 361 F.3d 1313, 1319 (11th Cir. 2004) (acknowledging in dicta that treating physicians generally are not required to compete a report).

The defendants recognize this general rule, but they argue, citing *Brown v. Best Foods, supra*, that a report may still be required from a treating doctor if the doctor's testimony was "acquired or developed in anticipation of litigation." The defendants contend that, although they

are uncertain that such is the case, Dr. Grooms likely began treating the plaintiff in anticipation of litigation and that such would bring him outside the general rule.  The court would note that it is not at all clear that *Brown* actually recognizes a broad "in anticipation of litigation" exception to the general rule that a treating physician is not required to supply an expert report.  However, *Brown* clearly did not purport to apply any such principle.  Rather, the court held that the treating doctor did not have to supply a report except insofar as he might give testimony approaching a subject area that was not sufficiently related to information disclosed during the plaintiff's care and treatment.  169 F.R.D. at 387-89.  But even assuming that such an exception to the general rule may exist, the court concludes that the defendants have not demonstrated its applicability here.  Accordingly, the court concludes that the defendants' motion in limine is not due to be granted as to Dr. Grooms based upon the expert-report requirement of Rule 26(a)(2)(B).

To the extent that the defendants seek to limit Grooms's testimony by precluding references to causation, the court agrees.  As noted by Chief Judge Granade:

> treating physicians are not treated as experts to the extent their testimony is based on observations during the course of treatment unless their testimony was acquired or developed in anticipation of litigation or for trial.  *Brown v. Best Foods, A Division of CPC Intern., Inc*., 169 F.R.D. 385, 387 (N.D. Ala. 1996) (quoting *Richardson v. Consolidated Rail Corp*., 17 F.3d 213, 218 (7th Cir. 1994)).  However, as fact witnesses, their opinions must be based on facts of which they have personal knowledge.  *Id.*  In addition, testimony regarding causation will not be allowed unless the determination of causation was necessary for treatment and their opinions are helpful to a clear understanding of the witnesses' testimony.  *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (citations omitted).  If the physicians and physical therapist, testifying as fact witnesses, did not need to determine how plaintiff was injured to administer treatment, then their testimony concerning causation is inadmissible.

*Phillips v. American Honda Motor Co., Inc.,* 438 F. Supp. 2d 1328, 1330-31 (S.D. Ala. 2006).

Absent testimony that a determination of causation was necessary for the treatment of the

plaintiff, testimony concerning the same is precluded.

### III.   CONCLUSION

Based on the foregoing, the court concludes that the defendants' "first" motion in limine, doc. 45, is due to be and hereby is **GRANTED** insofar as it seeks to preclude testimony from Fred Gibson, Jr., and is otherwise due to be and is **DENIED**.  The court concludes that the defendants' "second" motion in limine, pertaining to Dr. Grooms, doc. 47, is due to be and hereby is **DENIED** as indicated above, subject to the exception noted above concerning causation.

**DONE** this 3rd day of April, 2009.

*John E. Ott*

**JOHN E. OTT**
United States Magistrate Judge