FILED

2009 Oct-28  PM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM JACKSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-07-JEO-0461-S |
| | ) | |
| UNITED STEEL, PAPER and FORESTRY, | ) | |
| RUBBER, MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS INTERNATIONAL UNION, | ) | |
| AFL-CIO-CLC, et al. | ) | |
| Defendants. | ) | |

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND SPECIAL INTERROGATORIES**

Come now the Defendants, United Steelworkers Local 2122, Danny Perry, Robert Irwin, and Walter Evans, and hereby submit Proposed Jury Instructions 1 to 47. Defendants reserve the right to submit other or additional proposed instructions, or amendments or alterations to the instructions, in accordance with the proof at trial or as is otherwise appropriate.

Defendants maintain their objection to punitive damages. Defendants submit proposed instructions for use only in the event the Court the Court determines that the issue is properly submitted to the Jury. Defendants deny Plaintiff suffered any damages.

## <u>DEFENDANTS' REQUESTED CHARGE No. 1</u>

## <u>Province of the Court and Jury</u>

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather that function is yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**SOURCE:** Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> 4th edition, (hereafter "Devitt, Blackmar and Wolff), Section 71.01.

**INSTRUCTIONS GIVEN _____          DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 2

### All Persons Equal Before the Law- Unions

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A union is entitled to the same fair trial at your hands as a private individual.   All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

**SOURCE**: Devitt, Blackmar and Wolff, Section 71.04, modified to refer to "union"

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 3

## Consideration of the Evidence and Duty to Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.

**SOURCE:** Devitt, Blackmar and Wolff, Sections 71.02 and 72.03; Eleventh Circuit Pattern Jury Instructions Section 2.22

**INSTRUCTIONS GIVEN _____          DENIED _____**

4

**DEFENDANTS' REQUESTED CHARGE No. 4**

**Credibility of Witnesses – Discrepancies in Testimony**

You, as jurors, are the sole judges of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider

whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to the fact is more credible than the testimony of a larger number of witnesses to the contrary.

**SOURCE:**  Devitt, Blackmar and Wolff, Section 73.01

**INSTRUCTIONS GIVEN _____**                **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 5

### Impeachment of Witnesses

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simply mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**SOURCE:**  Eleventh Circuit Pattern Jury Instruction Section 4.1

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 6
## Number of Witnesses – Not Required To Accept Uncontradicted Testimony

You are not bound to decide any issue of fact in accordance with any number of witnesses which does not produce in your minds a belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or evidence which does not produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness or witnesses, and which evidence appeals to your minds as being most accurate, and otherwise trustworthy.

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

You are not required to accept the testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witnesses bearing and demeanor, or because of the inherent improbability of his testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

**SOURCE:**  Devitt, Blackmar and Wolff, Sections 72.14, 72.15, 17.21

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

8

## DEFENDANTS' REQUESTED CHARGE No. 7

### Evidence in the Case

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless or who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

**SOURCE:**  Devitt, Blackmar and Wolff, Section 71.08

**INSTRUCTIONS GIVEN** _____          **DENIED** _____

## DEFENDANTS' REQUESTED CHARGE No. 8

### Objections

During the course of the trial you heard objections to evidence. Sometimes these objections were argued out of your presence.

It is the duty of the lawyer on each side of a case to object when the other side offers testimony or other evidence which the lawyer believes is not properly admissible. You should not draw any conclusions or be prejudiced against a lawyer or the party he represents because of the making of an objection.

By allowing testimony or other evidence to be introduced over the objection of a lawyer, I do not indicate any opinion as to the weight or effect of such evidence.

**SOURCE:**  Devitt, Blackmar and Wolff, Section 70.15

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 9

### Preponderance of the Evidence

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**SOURCE:**  Devitt, Blackmar and Wolff, Section 72.01; Eleventh Circuit Pattern Jury Instructions, Section 6.1

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 10

### Reasonable Inferences

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from fact which you find have been proved, such reasonable inferences as may seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense leave the jury to draw from facts which have been established by the evidence in the case.


**SOURCE:**  Devitt, Blackmar and Wolff, Section 72.04



**INSTRUCTIONS GIVEN _____**                    **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 11

### Plaintiff's Claims

In this case the Plaintiff asserts a total of four claims.   Not all the claims are asserted against each of the Defendants, so it is important that You distinguish which claims are asserted against each of the Defendants.  With respect to Local 2122, the Plaintiff asserts four claims.   Plaintiff claims that Local 2122 discriminated against him on account of his race in violation of Section 1981 and Title VII (which I will explain later) when a majority of the Local Union's officers removed him from the position of Grievance Committee Chair.  Local Union 2122 asserts that the Plaintiff cannot prove the elements of the race discrimination claims by a preponderance of the evidence and  denies that it discriminated against the Plaintiff on account of his race when he was removed from the position of Grievance Committee Chair. Local Union 2122 further asserts that it had legitimate nondiscriminatory reasons for removing him from a position it claims he was not entitled to hold.

Plaintiff also claims under Section 101(a) of the LMRDA that Local Union 2122 retaliated against him for exercising his right to free speech in making complaints about perceived race discrimination.   Local 2122 asserts that the Plaintiff cannot meet the elements of a Section 101(a) LMRDA free speech claims (as I will outline below) and denies that it retaliated against the Plaintiff for being

outspoken. Local 2122 also asserts that the decision to remove him from the Grievance Committee Chair position was based on legitimate non-retaliatory reasons.

Plaintiff asserts that Local 2122 breached a contract between labor organizations when it removed him from the position of Grievance Committee Chair.  Local 2122 asserts it did not breach the Union's Constitution when a majority of Local Union officers voted to remove the Plaintiff from that position. Local 2122 claims that Plaintiff had no right under the USW Constitution to hold the position of Grievance Committee Chair.

With respect to the Individual Defendants, the Plaintiff claims that each individual defendant voted to remove him from the Grievance Committee Chair position because of his race.  Mr. Irwin, Evans and Perry deny that they voted to remove the Plaintiff from the Grievance Committee Chair position because of his race and that their vote was motivated by legitimate nondiscriminatory reasons. Messr. Irwin, Evans and Perry also assert that the Plaintiff cannot prove each of the elements of a Section 1981 claim (as I will explain below) and that they did not cause a majority of the Local Union officers to vote to remove the Plaintiff from the position of Grievance Chair.  The Plaintiff also claims that the Messr. Irwin, Evans and Perry  retaliated against him for being "outspoken" and voted to remove him from the position of Grievance Committee Chairman for exercising his "free

speech" rights.  Messr. Irwin, Evans and Perry assert that Plaintiff cannot prove by a preponderance of the evidence each of the elements of a Section 101(a) free speech claim by a preponderance of the evidence.  They deny that Plaintiff's speech activity motivated their decision to vote to remove the Plaintiff from the Grievance Committee Chair position and that they had legitimate non-retaliatory reasons for voting to remove him from that position.

As to the Defendant Danny Perry, and only as to Danny Perry, the Plaintiff claims he was libeled.  Mr. Perry denies that he made the statements attributed to him and asserts that the Plaintiff cannot satisfy all the elements of a defamation claim (as I will explain below) by a preponderance of the evidence.

**INSTRUCTIONS GIVEN _____          DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 12

### Title VII 42 U.S.C. § 2000e-2
### Race Discrimination

In this case the Plaintiff claims that Local 2122 discriminated against him on account of his race in violation of Title VII (42 U.S.C. § 2000e-2(c)).  Title VII requires proof of discriminatory intent.

More specifically, the Plaintiff claims that he was removed from the Local 2122 Grievance Committee Chairman position because of his race.

The Local Union denies that the Plaintiff was discriminated against on account of his race and asserts that the Plaintiff was removed from the Grievance Chair position for legitimate non-discriminatory reasons.

In order to prevail on this claim against the Local Union, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:        That the Plaintiff was removed from the Grievance Committee Chairman position by the Local Union; and

Second:     That the Plaintiff's race was a substantial or motivating factor that prompted the Local Union to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that the Local Union did not discriminate against the Plaintiff on the basis of the

Plaintiff's race.  So far as you are concerned in this case, the Local Union may make decisions for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances.  Neither does the law require a Local Union to extend any special or favorable treatment to employees because of their race.

The Local Union's decision in August 2006 to remove the Plaintiff from the Grievance Chair position was made not by an individual but by a committee consisting of Local Union officers. Under those circumstances, it is not enough for the Plaintiff to prove that a single person was unlawfully motivated by race. Instead, the Plaintiff must prove that a majority of the Committee were unlawfully motivated by race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole reason for the Defendants' decision.  It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendants' decisions.  A determinative consideration means that if not for the plaintiff's race, the adverse action would not have occurred.  In other words, Plaintiff must prove that race tipped the scale.

If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that the Plaintiff would not have been allowed to remain in the Grievance Committee Chair position even in the absence of consideration of the Plaintiff's race. If you find that the Plaintiff would not have been allowed to remain in the Grievance Committee Chair position for reasons other than the Plaintiff's race, then your verdict should be for the Defendant.

**SOURCE:** Eleventh Circuit Pattern Jury Instruction   No. I. 1.3 (modified); Model Civil Jury Instruction 3rd Cir.  6.1.2. *Warner v. Columbia/JFK Medical Center*, 305 Fed. Appx. 610, 611-612 (11th Cir. 2008)(citing *Campbell v. Rainbow City, Ala*. 434 F. 3d 1306, 1313 (11th Cir. 2006) for proposition that when a Committee is the decision maker, Plaintiff must prove that a majority of the Committee acted with an improper motive); *Bester v. Leavitt*, 226 Fed. Appx. 872, 877 (11th Cir. 2007).

**INSTRUCTIONS GIVEN _____          DENIED _____**

## SPECIAL INTERROGATORIES
## TO THE JURY

Do you find from a preponderance of the evidence:

1.      That the Plaintiff was removed from the Grievance Committee Chairman position by the Defendant?

Answer Yes or No _____

2.      That the Defendant's stated reason for the removal was mere pretext?

Answer Yes or No _____

3.      That the Plaintiff's race was a substantial or motivating factor that prompted a majority of the Local Union officers to remove Plaintiff from the Grievance Chair position?

Answer Yes or No _____

 [Note:      If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

5.      That the Defendant has proven by a preponderance of the evidence that it would have made the same decision in the absence of the discrimination?

Answer Yes or No _____

[Note:If you answered Yes to Question No. 5 you need not answer either of the remaining questions.]

6.      That the Plaintiff should be awarded damages to compensate for a net loss in monthly stipends from the Local Union?

        Answer Yes or No _____

If your Answer is Yes, in what amount? $_____.

7.      That the Plaintiff should be awarded damages to compensate for emotional pain and mental anguish?

        Answer Yes or No _____

If your Answer is Yes, in what amount $_____.

8.      (a)     That a majority of Local Union Officers of the Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights?

Answer Yes or No _____.

        (b)     If your answer is Yes, that the Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the Local?

Answer Yes or No _____.

SO SAY WE ALL.

                                        _____
                                        Foreperson

DATED: _____

**SOURCE:**  O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, 5th edition; Section 170.20 (hereinafter "O'Malley, Grenig and Lee"); Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 1.3.1 (2000)

**INSTRUCTIONS GIVEN _____          DENIED _____**

## **DEFENDANTS' REQUESTED CHARGE No. 13**

### **(Section 1981 Claim Against Individuals)**

The Plaintiff claims that the Individual Defendants Robert Irwin, Walter Evans and Danny Perry discriminated against him on account of his race in violation of Section 1981 (42 U.S.C. § 1981).  The Plaintiff must prove in this case that:

(1)    that the Plaintiff was a member of a racial minority;

(2)    that the Plaintiff had a contractual relationship that gave rise an identifiable contractual right;

(3)    that the Individual Defendants actions impaired such contractual right;

(4)    and that each individual defendant acted with an actual intent to discriminate against the Plaintiff on account of his race;

To prevail on this claim, the Plaintiff must show that he had a specific contractual right, that the Individual Defendants impaired the contractual right resulting in the actual loss of a contractual interest, that the impairment resulted in an injury to the Plaintiff and that the Individual Defendants acted with the intent to discriminate on account of Plaintiff's race.   Section 1981 requires proof of purposeful discrimination.   Thus, the mere fact that Plaintiff's contractual rights were impaired is insufficient to establish liability under Section 1981.

SOURCE: *General Building Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 389 (1982)(noting that Section 1981 only prohibits purposeful

discrimination); ); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)(requiring privity of contract in order to support a Section 1981 claim); *Jackson v. BellSouth Telecommunications*, 372 F. 3d 1250, 1270 (11th Cir. 2004); *Rutstein v. Avis Rent-A-Car Systems*, 211 F. 1228, 1235 (11th Cir. 2000); *Bellows v. Amoco Oil Co.*, 118 F. 3d 268,  274 (5th Cir, 1997)  *Carnegie v. Mut. Sav. Life Ins. Co.*, 2002 WL 32989594 * 3 (N.D. Ala.)(noting that a Section 1981 claim in the non-employment context imposes a significantly greater burden on the Plaintiff to prove actual intent than the *McDonnell-Douglas* burden shifting framework S. K. Services v. FedEx Ground Package System, Inc.  2009 WL 3241712 * 5 (E.D. Tenn.)(noting that a contractual relationship between the parties is a required element of a Section 1981 claim); *Silva v. St. Anne Catholic School*, 595 F. Supp. 2d 1171, 1182-1183 (D. Kan. 2009)(identifying the elements of a Section 1981 non-employment claim); *Vensom v. Atchison Hospital Ass'n*, 2006 WL 2714265 * 17 (D. Kan.).

**INSTRUCTIONS GIVEN _____            DENIED _____**

## SPECIAL INTERROGATORIES
## TO THE JURY CONCERNING MR. IRWIN's
## LIABILITY UNDER SECTION 1981

Do You find from a preponderance of the evidence

1.     That the Plaintiff has an identifiable contractual right to hold the

Grievance Chair position?

ANSWER Yes or No  _____.

2.     That the Plaintiff's contractual right was impaired by the actions of

Mr. Irwin?

ANSWER Yes or No _____.

3.     That the reasons Mr. Irwin stated as the basis for his actions are

pretext?

ANSWER Yes or No  _____.

4.     That Mr. Irwin acted with the intent to discriminate against the

Plaintiff on account of this race?

ANSWER Yes or No  _____.

5.     That Mr. Irwin's actions proximately caused a majority of the Local

Union officers to vote to deprive Plaintiff of the contractual right to hold the

Grievance Chair position?

ANSWER Yes or No  _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

6.     That Mr. Irwin has proven by a preponderance of the evidence that he would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:      If you answered YES to Question No. 6 you need not answer either of the remaining questions.]

7.     That the Plaintiff should be awarded damages from Mr. Irwin individually to compensate for a net loss in monthly stipends from the Local Union?

ANSWER Yes or No _____

If your Answer is Yes, in what amount? $_____.


8.     That the Plaintiff should be awarded damages to compensate from Mr. Irwin individually for emotional pain and mental anguish?

ANSWER  Yes or No _____

If your Answer is Yes, in what amount $_____.

9.      That Mr. Irwin acted with an evil motive or intent or with a reckless and callous indifference to the Plaintiff's federally protected rights?

Answer Yes or No _____.

SO SAY WE ALL.

_____
Foreperson

**INSTRUCTIONS GIVEN _____          DENIED _____**

## SPECIAL INTERROGATORIES
## TO THE JURY CONCERNING MR. EVANS's
## LIABILITY UNDER SECTION 1981

Do You find from a preponderance of the evidence

1.    That the Plaintiff has an identifiable contractual right to hold the Grievance Chair position?

ANSWER Yes or No  _____.

2.    That the Plaintiff's contractual right was impaired by the actions of Mr. Evans?

ANSWER Yes or No _____.

3.    That the reasons Mr. Evans stated were the basis for his actions are pretext?

ANSWER Yes or No  _____.

4.    That Mr. Evans acted with the intent to discriminate against the Plaintiff on account of this race?

ANSWER Yes or No  _____.

5.    That Mr. Evan's actions proximately caused a majority of the Local Union officers to vote to deprive Plaintiff of the contractual right to hold the Grievance Chair position?


ANSWER Yes or No  _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

6.      That Mr. Evans has proven by a preponderance of the evidence that he would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:       If you answered YES to Question No. 6 you need not answer either of the remaining questions.]

7.      That the Plaintiff should be awarded damages from Mr. Evans individually to compensate for a net loss in monthly stipends from the Local Union?

ANSWER  Yes or No _____

If your Answer is Yes, in what amount? $_____.

8.      That the Plaintiff should be awarded damages to compensate from Mr. Evans  individually for emotional pain and mental anguish?

ANSWER  Yes or No _____

If your Answer is Yes, in what amount $_____.

9.     That Mr. Evans acted with an evil motive or intent or with a reckless and callous indifference to the Plaintiff's federally protected rights?

ANSWER Yes or No _____.


SO SAY WE ALL.


_____
Foreperson


**INSTRUCTIONS GIVEN _____          DENIED _____**

## SPECIAL INTERROGATORIES
## TO THE JURY CONCERNING MR. PERRY's
## LIABILITY UNDER SECTION 1981

Do You find from a preponderance of the evidence

1.     That the Plaintiff has an identifiable contractual right to hold the Grievance Chair position?

ANSWER Yes or No   _____.

2.     That the Plaintiff's contractual right was impaired by the actions of Mr. Perry?

ANSWER Yes or No _____.

3.     That the reasons Mr. Perry stated were the basis for his actions are pretext?

ANSWER Yes or No   _____.

4.     That Mr. Perry acted with the intent to discriminate against the Plaintiff on account of this race?

ANSWER Yes or No   _____.

5.     That Mr. Perry's actions proximately caused a majority of the Local Union officers to vote to deprive Plaintiff of the contractual right to hold the Grievance Chair position?

ANSWER Yes or No   _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

6.      That Mr. Perry has proven by a preponderance of the evidence that he would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:      If you answered YES to Question No. 6 you need not answer either of the remaining questions.]

7.      That the Plaintiff should be awarded damages from Mr. Perry individually to compensate for a net loss in monthly stipends from the Local Union?

ANSWER Yes or No _____

If your Answer is Yes, in what amount? $_____.

8.      That the Plaintiff should be awarded damages to compensate from Mr. Perry individually for emotional pain and mental anguish?

ANSWER  Yes or No _____

If your Answer is Yes, in what amount $_____.

9.      That Mr. Perry acted with an evil motive or intent or with a reckless and callous indifference to the Plaintiff's federally protected rights?

ANSWER Yes or No _____.

SO SAY WE ALL.

_____
Foreperson

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## <u>DEFENDANTS' REQUESTED CHARGE No. 14</u>

### (Section 1981 Claim Against the Local)

The Plaintiff claims that the Local Union discriminated against him on account of his race in violation of Section 1981 (42 U.S.C. § 1981).  Because the Plaintiff was not an employee of the Local Union, the Plaintiff must prove in this case that:

(1)    that the Plaintiff was a member of a racial minority;

(2)    that the Plaintiff had a contractual relationship that gave rise an identifiable contractual right;

(3)    that the Local Union took actions that impaired such contractual right;

(4)    and that a majority of the Local Union officers acted with an actual intent to discriminate against the Plaintiff on account of his race;

To prevail on this claim, the Plaintiff must show that he had a specific contractual right, that the Local Union impaired the contractual right resulting in the actual loss of a contractual interest, that the impairment resulted in an injury to the Plaintiff and that a majority of the Local Union officers acted with the intent to discriminate on account of Plaintiff's race.  Section 1981 requires proof of purposeful discrimination.  Thus, the mere fact that Plaintiff's contractual rights were impaired is insufficient to establish liability under Section 1981.

SOURCE: *General Building Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 389 (1982)(noting that Section 1981 only prohibits purposeful discrimination); ); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)(requiring privity of contract in order to support a Section 1981 claim); *Rutstein v. Avis Rent-A-Car Systems*, 211 F. 1228, 1235 (11th Cir. 2000); *Bellows v. Amoco Oil Co.*, 118 F. 3d 268, 274 (5th Cir, 1997)  *Carnegie v. Mut. Sav. Life Ins. Co.*, 2002 WL 32989594 * 3 (N.D. Ala.)(noting that a Section 1981 claim in the non-employment context imposes a significantly greater burden on the Plaintiff to prove actual intent than the *McDonnell-Douglas* burden shifting framework S. K. Services v. FedEx Ground Package System, Inc.  2009 WL 3241712 * 5 (E.D. Tenn.)(noting that a contractual relationship between the parties is a required element of a Section 1981 claim); *Silva v. St. Anne Catholic School*, 595 F. Supp. 2d 1171, 1182-1183 (D. Kan. 2009)(identifying the elements of a Section 1981 non-employment claim); *Vensom v. Atchison Hospital Ass'n*, 2006 WL 2714265 * 17 (D. Kan.).

**INSTRUCTIONS GIVEN _____          DENIED _____**

## SPECIAL INTERROGATORIES
## TO THE JURY CONCERNING LOCAL 2122's
## LIABILITY UNDER SECTION 1981

Do You find from a preponderance of the evidence

1.　　That the Plaintiff has an identifiable contractual right to hold the Grievance Chair position?

ANSWER Yes or No _____.

2.　　That the Plaintiff's contractual right was impaired by the actions of Local 2122?

ANSWER Yes or No _____.

3.　　That a majority of the Local Union officer's acted with the intent to discriminate against the Plaintiff on account of this race?

ANSWER Yes or No _____.

4.　　That Local Union 2122's stated reasons for the decision to remove Plaintiff from the Grievance Chair position are pretext?

ANSWER  Yes or No _____.

5.　　That Local Union 2122's actions proximately caused the Plaintiff to lose the contractual right to hold the Grievance Chair position?

ANSWER Yes or No _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

6.     That Local Union 2122 has proven by a preponderance of the evidence that he would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:     If you answered YES to Question No. 6 you need not answer either of the remaining questions.]

7.     That the Plaintiff should be awarded damages from Local 2122 individually to compensate for a net loss in monthly stipends from the Local Union?

ANSWER Yes or No _____

If your Answer is Yes, in what amount? $_____.

8.     That the Plaintiff should be awarded damages to compensate from Local 2122 for emotional pain and mental anguish?

ANSWER Yes or No _____

If your Answer is Yes, in what amount $_____.

SO SAY WE ALL.

_____
Foreperson

**INSTRUCTIONS GIVEN** _____          **DENIED** _____

## DEFENDANTS' REQUESTED CHARGE No. 15

### (Decision Made By A Committee)

To prevail on a claim of race discrimination under Section 1981 or Title VII, the Plaintiff must prove by a preponderance of the evidence that a decision maker made a decision because of Plaintiff's race.   When the decision maker is a committee, it is not enough for the Plaintiff to prove that a single person was unlawfully motivated by race.   Instead, the Plaintiff must prove that a majority of the Committee were unlawfully motivated by race.

**SOURCE:**  *Warner v. Columbia/JFK Medical Center*, 305 Fed. Appx. 610, 611-612 (11th Cir. 2008)(citing *Campbell v. Rainbow City, Ala*. 434 F. 3d 1306, 1313 (11th Cir. 2006) for proposition that when a Committee is the decision maker, Plaintiff must prove that a majority of the Committee acted with an improper motive)

**INSTRUCTIONS GIVEN _____          DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 16

## 42 U.S.C. § 1981
### Statute

Section 1981 provides that all persons within the jurisdiction of the United States shall have the same rights to make and enforce contracts, to sue be parties, give evidence and the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall be subject to like punishment, pains, penalties taxes, licenses and exactions of every kind and to no other.  For the purposes of this section, the term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship

**SOURCE:**  42 U.S.C. § 1981.

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 17

### 42 U.S.C. § 2000e-2(c)
### Statute

Title VII makes it an unlawful employment practice for a labor organization:

1.   To exclude or expel from its membership, or otherwise discriminate against any individual because of his race, color, religion, sex or national origin;

2.   To limit, segregate or classify its membership or to classify or fail or refuse to refer for employment any individual, in any which would deprive or tend to deprive any individual employment opportunities or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment because of such individual's race, color, religion, sex, or national origin; or

3.   To cause or attempt to cause an employer to discriminate against an individual in violation of this section.

**SOURCE:**   42 U.S.C. §§ 2000 e-2, 1981.

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

**DEFENDANTS' REQUESTED CHARGE No. 18**

**Legitimate Nondiscriminatory Reason for Adverse Decision**

The Plaintiff alleges that the Local Union and the Individual Defendants discriminated against him on account of his race. You must consider any legitimate, nondiscriminatory reason or explanation stated by the Defendant for its decision. If you determine that the Defendant has stated such a reason, then you must decide in favor of the Defendant unless the Plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against the Plaintiff because of the Plaintiff's race. The Plaintiff retains the ultimate burden of persuading of You that each Defendant intentionally discriminated against the Plaintiff.

**SOURCE:** O'Malley, Grenig and Lee, § 170.52 (modified); *Owens v. Lighthouse Counseling Center, Inc.*, 2009 WL 1204359 * 5 (M.D. Ala.)(citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).)

**INSTRUCTIONS GIVEN _____          DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 19

### Same Decision Defense

When the Plaintiff has shown that the decision was based on an illegal motive, the defendant may avoid liability by proving by the preponderance of the evidence that the decision would have been made the same in the absence of discrimination. The defendant's evidence "must show that its legitimate reason, standing alone, would have induced it to make the same decision."

**SOURCE:** *Steger v. General Electric Co.* 318 F. 3d 1066, 1075 (11th Cir. 2003).

**INSTRUCTIONS GIVEN _____          DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 20

## Pretext

When you consider Plaintiff's evidence of pretext, remember that the relevant question is whether defendant's reason was not the real reason for defendant's actions and that race discrimination was the real reason. To show that the Defendant's reasons are pretext, the Plaintiff must prove more than a mistake on the part of the Defendant. Pretext means a lie, specifically a phony reason for some action.

You are not to consider whether the Defendant showed poor or erroneous judgment. You are not to consider Defendant's wisdom. However, you may consider whether Defendant's reason is merely a cover-up for discrimination.

The Plaintiff has the burden to persuade you by a preponderance of the evidence that the Defendant took action against the Plaintiff because of race. If you do not believe Defendant's explanations, you may, but are not required to, infer that that Plaintiff has satisfied Plaintiff's burden of proof that the Defendant intentionally discriminated against the Plaintiff because of the Plaintiff's race.

**SOURCE:** O'Malley, Grenig and Lee, § 170.22 (modified); *Wolf v. Buss (America)*, 77 F. 3d 914, 919 (7th Cir. 1996). Springer v. Convergys Customer Management, Inc., 509 F. 3d 1344, 1349 (11th Cir. 2007)(Plaintiff must both falsity of the reason and that the race discrimination was the real reason); *Greer v. Birmingham Beverage Co.*, 291 Fed. Appx. 943, 945 (11th Cir. 2008)(an honest but mistaken assessment is not evidence of race discrimination).
.

**INSTRUCTIONS GIVEN _____          DENIED _____**

## <u>DEFENDANTS' REQUESTED CHARGE No. 21</u>

### <u>Motivating Factor</u>

The term 'motivating factor' means a determinative consideration that made the difference in the Defendant's decision.  Plaintiff's race was a 'motivating factor' if Plaintiff can prove by a preponderance of the evidence that race tipped the scale in the Defendant's decision. In other words, the Plaintiff must show that absent consideration of his race, he would have remained the Grievance Chair until the International Union decided the election controversy.

**SOURCE:**  *Bester v. Leavitt*, 226 Fed. Appx. 872, 877 (11th Cir. 2007).

**INSTRUCTIONS GIVEN _____**                    **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 22

## 29 U.S.C. § 411(a)(2)

The Plaintiff also claims that the Local 2122 violated § 101(a)(2) of the Labor Management Reporting and Disclosure Act ("LMRDA").  The Local 2122 denies this allegation. Section 101(a)(2) of the LMRDA provides that:

"Every member of a labor organization shall have the right to meet and assemble and assemble freely with other members; and to express any views, arguments or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings."


**SOURCE:**  29 U.S.C. § 411(a)(2).


**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 23

## LMRDA Essential Elements

Because the Plaintiff claims that he was removed from the position of Grievance Chair in retaliation for his speech activity, he must prove all of the following elements by a preponderance of the evidence:

1.      that he opposed union policies by speaking out against such policies;

2.      that he was subjected to retaliatory action;

3.      that the retaliatory action was a direct result of the expression of disagreement with the union's leadership.

4.      and that the defendants' took these actions with the purpose or object of curbing or interfering with his exercise of his free speech rights, and not for any proper reason;

5.      That he was damaged, and suffered an actual injury; and

6.      That the injury occurred as a direct result of the union's actions.

**SOURCE:** *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347 (1989); *Link v. Carroll v. Int'l Ass'n of Machinists & Aerospace Workers*, 2006 WL 4401479 (N.D. Ga. 2006); *Williams v. United Steelworkers*, 242 F. Supp. 2d 542, 549 (M,D,N,C, 2002).

**INSTRUCTIONS GIVEN _____              DENIED _____**

**SPECIAL INTERROGATORIES**
**TO THE JURY CONCERNING LOCAL 2122's**
**LIABILITY UNDER LMRDA SECTION 101(a)**

Do You find from a preponderance of the evidence

1.     That the Plaintiff spoke out against the policies of the Union's leadership?

ANSWER Yes or No  _____.

2.     That the Plaintiff was removed from the position of Grievance Chair as a direct result of his express of disagreement with the Union's leadership?

ANSWER Yes or No _____.

3.     That the Local Union officers had actual knowledge of the Plaintiff's criticism of the Union leadership?

ANSWER Yes or No _____.

4.     That a majority of the Local Union officers decided to remove the Plaintiff from the Grievance Chair position with the purpose or intent of curbing or interfering with the Plaintiff's exercise or his free speech rights?

ANSWER Yes or No  _____.

5.     That the reasons stated by the Local Union for the decision to remove Plaintiff from the Grievance Chair are pretext?

ANSWER Yes or No  _____.

6.      That Plaintiff suffered an actual injury as a direct result of the Local Union's actions?

ANSWER Yes or No  _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

7.      That Local Union 2122 has proven by a preponderance of the evidence that it would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:      If you answered YES to Question No. 7 you need not answer either of the remaining questions.]

8.      That the Plaintiff should be awarded damages from Local 2122 individually to compensate for a net loss in monthly stipends from the Local Union?  ANSWER Yes or No _____

If your Answer is Yes, in what amount? $_____.

9.      That the Plaintiff should be awarded damages to compensate from Local 2122 for emotional pain and mental anguish?

ANSWER Yes or No _____

If your Answer is Yes, in what amount $_____.

SO SAY WE ALL.

_____
Foreperson

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## SPECIAL INTERROGATORIES
## TO THE JURY CONCERNING MR. IRWIN'S
## LIABILITY UNDER LMRDA SECTION 101(a)

Do You find from a preponderance of the evidence

1.     That the Plaintiff spoke out against the policies of the Union's leadership?

ANSWER Yes or No  _____.

2.     That the Plaintiff was removed from the position of Grievance Chair as a direct result of his express of disagreement with the Union's leadership?

ANSWER Yes or No _____.

3.     That Mr. Irwin had actual knowledge of the Plaintiff's criticism of the Union leadership?

ANSWER Yes or No _____.

4.     That Mr. Irwin voted to remove Plaintiff from the Grievance Chair position with the purpose or intent of curbing or interfering with the Plaintiff's exercise or his free speech rights?

ANSWER Yes or No  _____.

5.      That the reasons stated by Mr. Irwin for the decision to remove Plaintiff from the Grievance Chair are pretext?

ANSWER Yes or No  _____.

6.      The Mr. Irwin's proximately actions caused a majority of the Local Union leaders to remove Plaintiff from the position of Grievance Chair?

7.      That Plaintiff suffered an actual injury as a direct result of Mr. Irwin's actions?

8.      That Mr. Irwin acted in an abusive manner and outside the scope of his official duties?

ANSWER Yes or No  _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

9.      That Mr. Irwin has proven by a preponderance of the evidence that he would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:        If you answered YES to Question No. 7 you need not answer either of the remaining questions.]

10.    That the Plaintiff should be awarded damages from Mr. Irwin individually to compensate for a net loss in monthly stipends from the Local Union?  ANSWER Yes or No _____

If your Answer is Yes, in what amount? $_____.

11.    That the Plaintiff should be awarded damages to compensate from Mr. Irwin individually for emotional pain and mental anguish?

ANSWER Yes or No _____

If your Answer is Yes, in what amount $_____.

SO SAY WE ALL.

_____
Foreperson

**INSTRUCTIONS GIVEN** _____          **DENIED** _____

## SPECIAL INTERROGATORIES
## TO THE JURY CONCERNING MR. EVAN'S
## LIABILITY UNDER LMRDA SECTION 101(a)

Do You find from a preponderance of the evidence

1.     That the Plaintiff spoke out against the policies of the Union's leadership?

ANSWER Yes or No _____.

2.     That the Plaintiff was removed from the position of Grievance Chair as a direct result of his express of disagreement with the Union's leadership?

ANSWER Yes or No _____.

3.     That Mr. Evans had actual knowledge of the Plaintiff's criticism of the Union leadership?

ANSWER Yes or No _____.

4.     That Mr. Evans voted to remove Plaintiff from the Grievance Chair position with the purpose or intent of curbing or interfering with the Plaintiff's exercise or his free speech rights?

ANSWER Yes or No _____.

5.      That the reasons stated by Mr. Evans for the decision to remove Plaintiff from the Grievance Chair are pretext?

ANSWER Yes or No _____.

6.     The Mr. Evan's actions proximately caused a majority of the Local Union leaders to remove Plaintiff from the position of Grievance Chair?

7.     That Plaintiff suffered an actual injury as a direct result of Mr. Evan's actions?

8.     That Mr. Evans acted in an abusive manner and outside the scope of his official duties?

ANSWER Yes or No  _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

9.     That Mr. Evans has proven by a preponderance of the evidence that he would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:       If you answered YES to Question No. 7 you need not answer either of the remaining questions.]

10.    That the Plaintiff should be awarded damages from Mr. Evans individually to compensate for a net loss in monthly stipends from the Local Union?  ANSWER Yes or No _____

If your Answer is Yes, in what amount? $_____.

11.    That the Plaintiff should be awarded damages to compensate from Mr. Evans individually for emotional pain and mental anguish?

ANSWER Yes or No _____

If your Answer is Yes, in what amount $_____.

SO SAY WE ALL.

_____
                          Foreperson

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## SPECIAL INTERROGATORIES
## TO THE JURY CONCERNING MR. PERRY'S
## LIABILITY UNDER LMRDA SECTION 101(a)

Do You find from a preponderance of the evidence

1.     That the Plaintiff spoke out against the policies of the Union's leadership?

ANSWER Yes or No  _____.

2.     That the Plaintiff was removed from the position of Grievance Chair as a direct result of his express of disagreement with the Union's leadership?

ANSWER Yes or No _____.

3.     That Mr. Perry had actual knowledge of the Plaintiff's criticism of the Union leadership?

ANSWER Yes or No _____.

4.     That Mr. Perry voted to remove Plaintiff from the Grievance Chair position with the purpose or intent of curbing or interfering with the Plaintiff's exercise or his free speech rights?

ANSWER Yes or No  _____.

5.      That the reasons stated by Mr. Perry for the decision to remove Plaintiff from the Grievance Chair are pretext?

ANSWER Yes or No  _____.

6.     The Mr. Perry's actions proximately caused a majority of the Local Union leaders to remove Plaintiff from the position of Grievance Chair?

7.     That Plaintiff suffered an actual injury as a direct result of Mr. Perry's actions?

8.     That Mr. Perry acted in an abusive manner and outside the scope of his official duties?

ANSWER Yes or No  _____.

[Note:If you answered No to any of the preceding questions you need not answer either of the remaining questions.]

9.     That Mr. Perry has proven by a preponderance of the evidence that he would have made the same decision in the absence of the discrimination?

ANSWER Yes or No _____

[Note:      If you answered YES to Question No. 7 you need not answer either of the remaining questions.]

10.    That the Plaintiff should be awarded damages from Mr. Perry individually to compensate for a net loss in monthly stipends from the Local Union?  ANSWER Yes or No _____

If your Answer is Yes, in what amount? $_____.

11.    That the Plaintiff should be awarded damages to compensate from Mr. Perry individually for emotional pain and mental anguish?

ANSWER Yes or No _____

If your Answer is Yes, in what amount $_____.


SO SAY WE ALL.

_____
                                                    Foreperson

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 24

### Punitive Damages - LMRDA

The Plaintiff claims that the Defendants violations of his free speech rights were done with actual malice or reckless indifference to the Plaintiff's rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with actual malice or reckless indifference to the Plaintiff's free speech rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions it took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

**SOURCE:**  Section 2.1, Federal Jury Practice And Instructions; Pattern Jury Instructions: Eleventh Circuit, Civil Cases. Prepared by the Committee on Pattern Jury Instructions District Judges Association of the Eleventh Circuit

**INSTRUCTION GIVEN** _____          **DENIED** _____

## **DEFENDANTS' REQUESTED CHARGE No. 25**

## **29 U.S.C. § 185(a)**

In his final claim against the Local 2122, the Plaintiff claims that the Local 2122 violated  § 301(a) of the Labor Management Relations Act ("LMRA"). Section 301(a) of the LMRA allows "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations."  A Union's Constitution is a contract between the International Union and the Local Union.

In order to establish a violation of Section 301(a), the Plaintiff must prove, by a preponderance of the evidence:

1.      That Local 2122 breached a provision of the USW's Constitution;

2.      that he was an intended beneficiary of the provision of the USW's Constitution he seeks to enforce;

3.      that under the USW Constitution he had a contractual right to hold the Grievance Chair position;

4.      and that Local 2122's breach of the provision of USW's Constitution that Plaintiff seeks to enforce proximately caused his injury.

**SOURCE:**  29 U.S.C. § 185(a); *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93 (1991); *Korzen v. Local Union 705, Intern. Broth. Of Teamsters*, 75 F. 3d 285, 288 (7th Cir. 1996).

**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 26

## Union Interpretation of Constitution and Bylaws

You are instructed that the Union's interpretation of its own constitutions and bylaws are entitled to deference and will be respected unless it is contrary to the plain language of the relevant documents or is patently unreasonable. Whether it is arguable authority for the Union's acts from the Union decision makers' viewpoint at the time, you must defer to that interpretation. You must defer to this interpretation even if you find that the language is ambiguous or even if you disagree with the interpretation and would have interpreted the ambiguous language differently.

**SOURCE:** *Dept. of Labor v. Aluminum, Brick and Glass Workers Int'l Union Local 200,* 941 F.2d 1172, 1177 (11th Cir. 1991); *Local 317, Nat'l Post Office Mail Handlers v. Nat'l Post Office Mail Handlers*, 696 F.2d 1300, 1302 (11th Cir. 1983); *Executive Board of Transport Workers Union of Philadelphia, Local 234 v. Transport Workers Union of America, AFL-CIO*, 338 F.2d 166, 170 (3rd Cir. 2003); *Stelling v. Brotherhood of Electrical Workers,* 587 F.2d 1379, 1389, n.10 (9th Cir. 1978); *Felton v. Ullman*, 629 F. Supp. 251, 255 (S.D.N.Y. 1986).

**INSTRUCTIONS GIVEN _____          DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 27

In order for a custom to be a binding past practice on the parties, the practice must be (1) unequivocal; (2) clearly enunciated and acted upon; and (3) readily ascertainable over a reasonable period of time as a fixed and established practice. You may, but are not required, to consider whether the activity which is claimed to be a past practice was only the action of one party.


**SOURCE:** *Celonese Corp. of America,* 24 L.A. 168, 172 (Justin, 1954); *Sterling Furniture Manufacturers,* 46 L.A. 705, 706 (Hanlon, 1966).  Elkouri and Elkouri, *How Arbitration Works*, 6th Ed.


**INSTRUCTIONS GIVEN _____**          **DENIED _____**

## <u>DEFENDANTS' REQUESTED CHARGE No. 28</u>

### Damages Section 301

If you decide that Jackson proves his claim that Local 2122 did not abide by its Constitution or Bylaws for breach of contract, you also must decide how much money will reasonably compensate Plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Plaintiff in as good a position as he would have been if Defendants had not broken the Constitution or Bylaws.

**SOURCE:**  AL-APJICIV 10A.36 **Adapted from 10A.36;** Alabama Pattern Jury Instructions Civil, Second Edition. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. & Can.,* 674 F.2d 1365, 1369 (11th Cir.1982); *see also Craine v. Int'l Longshoremen's Ass'n*, 2007 WL 2010783, at *1 (M.D. Fla. July 6, 2007) (noting that section 301 does not permit punitive damages in the duty of fair representation context).

## DEFENDANTS' REQUESTED CHARGE No. 29

### Compensatory damages

The Plaintiff claims compensation for the loss of earnings and mental anguish.  Loss of earnings is the difference between what Plaintiff actually earned and what he would have earned if the Union had not breached its Bylaws or Constitution.

The law has no fixed monetary standard to compensate for mental anguish. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such mental anguish as you find from the evidence the plaintiff did suffer.

If you are reasonably satisfied from the evidence that the plaintiff has undergone mental anguish as a proximate result of the breach of contract in question, you should award a sum which will reasonably and fairly compensate him for such pain, suffering, or mental anguish suffered by him.

**SOURCE:  Adapted from APJI 11.0;** Alabama Pattern Jury Instructions Civil, Second Edition. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. & Can.,* 674 F.2d 1365, 1369 (11th Cir.1982); *see also Craine v. Int'l Longshoremen's Ass'n*, 2007 WL 2010783, at *1 (M.D. Fla. July 6, 2007) (noting that section 301 does not permit punitive damages in the duty of fair representation context).

**INSTRUCTION GIVEN _____**          **DENIED _____**

## DEFENDANTS' REQUESTED CHARGE No. 30

### Alabama State Law- Slander (Defamation)

Plaintiff claims that Defendant Daniel Perry defamed him. Defamation (in other words, libel or slander) means the communication to another, with some degree of fault, of a false and defamatory statement of fact concerning the plaintiff.

Defamation is essentially an injury to reputation. A communication is defamatory if it tends to harm the reputation of the plaintiff as to lower the plaintiff in the estimation of the community or to deter third persons from associating with the plaintiff. A communication is defamatory if it charges an offense punishable by indictment, or if it tends to bring an individual into public hatred, contempt or ridicule, or it if charges an act odious and disgraceful in society. This general definition may be said to include whatever tends to injure the character of an individual or blacken the person's reputation; impute fraud, dishonesty, or other moral turpitude; reflect shame; or tend to put the person outside the pale of social intercourse.

**SOURCE:** Alabama Pattern Jury Instructions, Civil 23.00

## DEFENDANTS' REQUESTED CHARGE No. 31

## Alabama State Law- Libel and Slander (Definition)

Libel is the publication of defamatory matter by written or printed words or by embodiment in physical form.

Slander is the publication of defamatory matter by spoken words or transitory gestures.

**SOURCE:**   Alabama Pattern Jury Instructions, Civil 23.01

## **DEFENDANTS' REQUESTED CHARGE No. 32**

### **Alabama State Law- Construction of Words**

Statements that are made the basis of a slander action must be taken in their natural meaning according to the sense in which they appear to have been used and the idea they convey to those who heard, saw, or read the statements.  The statements are not to be measured by their effect when subjected to the critical analysis of a trained legal mind, but must be construed and determined by their natural and probable effect on the mind of the average person who heard, saw or read the statements.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.02

## <u>DEFENDANTS' REQUESTED CHARGE No. 33</u>

## <u>Alabama State Law- Meaning: Entire Publication</u>

In determining whether the statement that is complained of was defamatory as to the Plaintiff, you must review and interpret the publication in its entirety and in relation to the conception and opinion of the public at the time and in the community in which the publication appeared.

**SOURCE:**   Alabama Pattern Jury Instructions, Civil 23.03

## DEFENDANTS' REQUESTED CHARGE No. 34

### Alabama State Law- Proof: False Statement

The Plaintiff has the burden of proving that the statement that is complained of was false regarding the Plaintiff.  If the statement was true or substantially true, or if you cannot determine from the evidence whether the statement was true or false, then you must find in favor of the Defendant.

In determining whether the statement was true or false, you must not consider whether the statement was absolutely and in all respects accurate, but rather whether the statement was substantially accurate and accurate in all material respects with regard to the Plaintiff.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.04

## DEFENDANTS' REQUESTED CHARGE No. 35

## Alabama State Law- Proof: Defamatory Statement

The Plaintiff has the burden of proving to your reasonable satisfaction that the statement that is complained of was defamatory.  A statement is defamatory only if it tends to harm the reputation of the Plaintiff as to lower the Plaintiff in the estimation of the community or to deter third persons from associating with the Plaintiff.  Defamation includes whatever tends to impute fraud, dishonesty, or other moral turpitude, reflect shame; or tends to put the Plaintiff outside the pale of social discourse.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.05

## **DEFENDANTS' REQUESTED CHARGE No. 36**

## **Alabama State Law- Proof: of and Concerning the Plaintiff**

You can find for the Plaintiff only if you are reasonably satisfied from the evidence that the defamatory statement that is complained of was of and concerning the Plaintiff.

**SOURCE:**   Alabama Pattern Jury Instructions, Civil 23.06

## DEFENDANTS' REQUESTED CHARGE No. 37

### Alabama State Law- Proof: Publication

The Plaintiff has the burden of proving to your reasonable satisfaction that the Defendant published the statement that is complained of.

Publication of defamatory matter is the communication of that matter intentionally or negligently to a third party.

**SOURCE:**   Alabama Pattern Jury Instructions, Civil 23.07

## DEFENDANTS' REQUESTED CHARGE No. 38

### Alabama State Law- Proof: Fault

The Plaintiff has the burden of proving to your reasonable satisfaction from the evidence that the Defendant engaged in some degree of fault in publishing the defamatory statement.  You can find for the Plaintiff only if you are reasonably satisfied from the evidence that the Defendant was at fault in publishing the defamatory statement.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.08

## DEFENDANTS' REQUESTED CHARGE No. 39

## Alabama State Law- Fault: Actual Malice

Because the Plaintiff is a public figure/official in regard to the statement that is complained of, the plaintiff must prove by clear and convincing evidence that the defendant published the statement that is complained of with actual malice— that is, with knowledge that the statement was false or with "reckless disregard."

In determining whether the defendant published in "reckless disregard" of whether the statement that is complained of was false or not, you must not consider whether a reasonably prudent person would have published the statement or would have investigated before publishing; instead, you must be clearly convinced that the defendant in fact entertained serious doubts as to the truth of the statement.

Clear and convincing proof involves a degree of belief greater than the usually imposed burden of proof by a preponderance of the evidence. Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishing in your mind not only that the proposition at issue is probable, but also that it is highly probable.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.10

## DEFENDANTS' REQUESTED CHARGE No. 40

## Alabama State Law- Compensatory Damages: Definition and Purpose

Compensatory damages are allowed and should be awarded if the Plaintiff has proved each element of the slander claim as already explained and, in addition, has reasonably satisfied you from the evidence that the Plaintiff has been injured or damaged as a proximate result of the slander.

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury sustained.   Compensatory damages are intended as money compensation to the party wronged, to compensate for that party's injury and other damages that have been inflicted upon the party as a proximate result of the wrong complained of.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.14

## DEFENDANTS' REQUESTED CHARGE No. 41

## Alabama State Law- Compensatory Damages: Actual Injury

If you are reasonably satisfied from the evidence that the Defendant slandered the Plaintiff as claimed in this action, and that the Plaintiff has proved by competent evidence that the Plaintiff suffered actual injury as a result of the slander, then you may award the Plaintiff such sum as would reasonably compensate the Plaintiff for such actual injury.  Actual injury is not limited to out-of-pocket loss, but may include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering, if proven by competent evidence.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.15 (modified)

## DEFENDANTS' REQUESTED CHARGE No. 42

### Alabama State Law- Compensatory Damages: Nominal Damages

If you find that the Plaintiff has proved each element of the slander complained of to your reasonable satisfaction, but you find that the Plaintiff has not proved any substantial injury caused by the statement complained of, then you may find for the Plaintiff and award nominal damages to the Plaintiff.  Nominal damages are very small in amount, usually $1.00, and their main purpose is to vindicate Plaintiff's reputation by showing that the Plaintiff prevailed.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.16

## DEFENDANTS' REQUESTED CHARGE No. 43

### Alabama State Law- Compensatory Damages: Special Damages

If you are reasonably satisfied that from the evidence that the statement that is complained of subjects the Plaintiff to disgrace, ridicule, odium, or contempt, then the Plaintiff can recovery compensatory damages, but only if the Plaintiff proves special damages with particularity—that is, actual out-of-pocket economic loss that is a proximate result of the statement complained of.

**SOURCE:**   Alabama Pattern Jury Instructions, Civil 23.20

## **DEFENDANTS' REQUESTED CHARGE No. 44**

### **Alabama State Law- Punitive Damages: Slander**

You cannot award the Plaintiff punitive damages in this case unless:

(a)     The Plaintiff has proved by clear and convincing evidence that the statement that is complained of was published by the Defendant with knowledge that the statement was false or with actual serious doubts as to whether the statement was true or false, AND

(b)     The Plaintiff has proved by clear and convincing evidence that the Defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.  Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact that the concealing party had a duty to disclose, which was gross,

oppressive, or malicious, and committed with the intention on the part of the Defendant of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either

(a)     with an intent to injure the person or property of another person, or

(b)     under such circumstances that the law will imply an evil intent.

**SOURCE:**  Alabama Pattern Jury Instructions, Civil 23.24

## DEFENDANTS' REQUESTED CHARGE No. 45

### Verdict-Unanimous-Duty to Deliberate

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**SOURCE:**  Devitt, Blackmar and Wolff, Section 74.01

## DEFENDANTS' REQUESTED CHARGE No. 46

### Title I 'Free Speech"  Claims Against Individual Defendants based upon LMRDA

In order to prevail against the individual Defendants, you must determine that not only the individual Defendants caused the decision makers (in this case a majority of the Local Union Officers) to retaliate against the Plaintiff because of his protected speech but also that the Individual Defendants' acted abusively.  You may not find that the Individual Defendants violated Plaintiff's rights if they acted within their official capacities and in a good faith effort to discharge their official duties.  A mistaken interpretation of the Local Union's rules and procedures does not, by itself, rise to the level of "abusive conduct".

**SOURCE:** *Keen v. Int'l Operating Engineers Local 624, AFL-CIO,* 569 F.2d 1375, 1381, n.7 (5th Cir. 1978).  *See also, Schermerhorn v. Local 100, Transport Workers Union of America, AFL-CIO*, 91 F.3d 316, 324 (2nd Cir. 1996).

### <u>DEFENDANTS' REQUESTED JURY CHARGE No</u>. 47

### <u>Knowledge of Speech Activity</u>

To prevail on a claim that the Defendants retaliated against the Plaintiff because he engaged in speech protected under Section 101(a) of the LMRDA, the Plaintiff must prove by a preponderance of the evidence that the decision makers (in the case a majority of the local union officers) and the Individual defendants had actual knowledge of Plaintiff's protected speech.  It is not enough for the Plaintiff to show that the Defendants had "constructive knowledge".  In other words you cannot assume that Defendants had knowledge of the Plaintiff's protected speech.

SOURCE: *Silvera v. Orange County School* Board, 244 F. 3d 1253, 1262 (11th Cir. 2001*); Goldsmith v. City of Atmore*, 996 F. 2d 1155, 1163-64 (11th Cir. 1993); *Warner v. Columbia/JFK Medical Center*, 305 Fed. Appx. 610, 611-612 (11th Cir. 2008)(citing *Campbell v. Rainbow City, Ala*. 434 F. 3d 1306, 1313 (11th Cir. 2006) for proposition that when a Committee is the decision maker, Plaintiff must prove that a majority of the Committee acted with an improper motive).

The Defendants respectfully requests that the Court accept the proposed jury instructions and special interrogatories to the jury.


Respectfully submitted,


/s/ Glen Connor_____
Attorney for Defendants



OF COUNSEL:

Richard Rouco
Whatley Drake & Kallas,
2001 Park Place Ste. 1000
Birmingham, AL 35203



CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roderick Graham
P.O. Box 43334
Birmingham, Alabama  35237

Charles C. Tatum, Jr.
301 20th Street East
Jasper, AL 35501


_____ s/Glen M. Connor_____